IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEITH CHAVEZ,

      Plaintiff,

      v.                                    Civil No. 13-1151 MV/RHS

BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY, NEW MEXICO,
SANFORD "SANDY" FISH, Director of Planning
In his Individual and Official Capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss [Doc. 3]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

On July 25, 2011, Plaintiff commenced an action ("Original Action") in this Court against the Board of County Commissioners of Bernalillo County ("Board"), Sanford Fish, Director of Planning, and several other individuals and entities. The Complaint ("Original Complaint") was titled, "Complaint for Deprivation of Civil Rights (42 U.S.C. § 1983); and Malicious Abuse of Process." The Original Complaint included a section entitled "Statement of Facts and Claims Material to This Action," and thereafter set forth two Counts: Deprivation of Rights Contrary to 42 U.S.C. § 1983 (Count I) and Malicious Abuse of Process (Count II).

In a Memorandum Opinion and Order entered on March 12, 2013 the Court, *inter alia*, dismissed, in their entirety, all claims asserted against the Board and Mr. Fish. Specifically, the

1

Court granted summary judgment on Plaintiff's equal protection claim, due process claim, and malicious abuse of process claim.  A final judgment was entered on June 12, 2013 dismissing the Original Action with prejudice.

Thereafter, on June 6, 2013, Plaintiff commenced this action ("Instant Action") by filing a complaint ("Instant Complaint") in New Mexico state court against two of the same defendants as were named in the Original Action:  the Board of County Commissioners and Sanford Fish.  The Instant Complaint is titled as follows:

> Complaint for Deprivation of Civil Rights (42 U.S.C. § 1983); and Malicious Abuse of Process Under 42 U.S.C. § 1983
>
> Complaint for Violation of Due Process and Wrongful Termination

Doc. 1-2.[1]  The Instant Complaint is comprised of one section entitled "Statement of Facts and Claims Material to This Action."  Each paragraph in this section is virtually identical to paragraphs included in the "Statement of Facts and Claims Material to This Action" section in the Original Complaint.

As did the Original Complaint, the Instant Complaint alleges that Plaintiff, who had been working as an Environmental Engineering Technician with Bernalillo County since May 10, 2004, was terminated from his employment after having been arrested on July 17, 2009.  Also as did the Original Complaint, the Instant Complaint further alleges that Defendant's arrest was a result of a conspiracy among Mr. Fish and two other individuals, Teri Chavez and Robert Raynor to "create the situation so that criminal charges might be brought against the Plaintiff."  According to the Instant Complaint (and the Original Complaint), Defendant Fish's actions "were in violation of the

---

[1] In his response, Plaintiff states that the portion of the heading that is identical to the heading of the Original Complaint is "a shadow caption left over from the previous filing in the Federal Court," and that the actual, intended heading is simply "Complaint for Violation of Due Process and Wrongful Termination."  The Court finds this point to be of no relevance to its analysis of Defendants' motion.

constitution and applicable statutes and wrongfully interfered with the Plaintiff's rights;" Defendants' actions in investigating Plaintiff's alleged conduct was "wrongful and malicious, and in reckless disregard of Plaintiff's rights under the Constitution and federal law;" and Defendant Bernalillo County's actions in terminating Plaintiff violated "his due process rights" and its own "rules, regulations, policies and terms of practice," violated "the terms of Plaintiff's employment contract," and "treated the Plaintiff in a manner inconsistent with Defendant's treatment of other employees similarly situated."

On December 4, 2013, Defendants removed the instant action to this Court on the basis of federal question jurisdiction. Specifically, the Notice of Removal notes that the Complaint alleges that Defendants' purported acts violated Plaintiff's constitutional rights, and explicitly indicates that it is brought under 42 U.S.C. Section 1983. Plaintiff did not object to removal or make a motion to remand the case to state court.

On December 17, 2013, Defendants filed a motion to dismiss the Instant Complaint on the grounds that the claims herein are barred by the doctrines of claim preclusion and issue preclusion, and that the claims are time barred because the applicable statute of limitations has run. Plaintiff filed a response in opposition on January 21, 2014. Defendants' reply followed on February 3, 2014.

## LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a 12(b)(6) motion, the Court must accept as true all well-pled factual allegations in the complaint, view those allegations in the

3

light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss.  *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Defendants move to dismiss the Instant Complaint in its entirety on two grounds.  First, Defendants argue that Plaintiff's claims, as set forth in the Instant Complaint, are barred under the doctrines of claim preclusion and issue preclusion.  Second, Defendants argue that Plaintiff failed to bring the Instant Action within the applicable statute of limitations period.  As set forth herein, the Court agrees that Plaintiff's claims are barred both by claim preclusion and the statute of limitations.

I.  <u>Claim Preclusion</u>

The doctrine of claim preclusion "bars litigation of claims that were or could have been advanced in an earlier proceeding."  *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997).  "Claim preclusion requires:  (1) a judgment on the merits in the earlier action; (2)

identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).  In determining what constitutes identity of the causes of action between the current and previous suits, the Tenth Circuit has adopted the transactional approach of the Restatement (Second) of Judgments.  *Id.* at 1227. "The transactional approach provides that a claim arising out of the same transaction, or series of connected transactions as a previous suit, which concluded in a valid and final judgment, will be precluded."  *Id.* (citation omitted); *see also Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) ("[A] cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence.").  "What constitutes the same transaction or series of transactions is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding of usage."  *Yapp*, 186 F.3d at 1227 (citation omitted).  Accordingly, "[a]ll claims arising out of the same transaction must [] be presented in one suit or be barred from subsequent litigation."  *Nwosun*, 124 F.3d at 1257.

      Here, all three requirements for claim preclusion are met.  First, there was a final judgment on the merits in the Original Action.  Second, Plaintiff and Defendants were all parties to the Original Action.  Third, the claims alleged in the Instant Complaint arise out of the same transaction, event, or occurrence as the claims that were alleged in the Original Complaint, namely, Plaintiff's allegedly wrongful arrest (brought about by the allegedly unlawful conduct of Mr. Fish and others), followed by his allegedly wrongful termination.  Indeed, the only factual allegations set forth in the Complaint are identical to factual allegations included in the Original Complaint.

Whether the precise claims or legal theories of recovery included in each suit are distinct is of no moment. Rather, because the facts underlying Plaintiff's claims and theories in the Instant Complaint are identical to the facts underlying his claims and theories in the Original Complaint, Plaintiff was obligated to present all of those claims and theories in one suit. Plaintiff is now barred from litigating the claims and theories set forth in the Instant Complaint, as all of those claims and theories could have been advanced in the Original Action.

II.     Statute of Limitations

"[A] statute of limitations question may be appropriately resolved on a motion to dismiss." *Glaser v. City and County of Denver, Colo.*, 2014 WL 308552, *6 (10th Cir. Jan. 29, 2014). The statute of limitations for a Section 1983 claim in New Mexico is three years. *Schrader v. Richardson*, 461 F. App'x 657, 660, 2012 WL 266933 (10th Cir. 2012). "[A]ccrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* Similarly, the New Mexico Tort Claims Act requires potential plaintiffs to commence an action within two years after the date of occurrence resulting in the loss. *Id.* at 661 (citation omitted). "A cause of action brought under the New Mexico Tort Claims Act will accrue regardless of whether or not the plaintiff is aware of the full extent of his or her injury." *Id.* (citation omitted).

Here, Plaintiff's cause of action accrued when he was arrested and terminated in July 2009. Plaintiff initiated the Instant Action on June 6, 2013, three years and 11 months after his cause of action accrued. Plaintiff's delay in filing places him firmly outside of the statute of limitations under either Section 1983 or the New Mexico Tort Claims Act.

## CONCLUSION

Plaintiff's claims, as set forth in the Instant Complaint, are barred both by claim preclusion and by the applicable statute of limitations. Accordingly, the Instant Complaint must be dismissed in its entirety.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc. 3] is **GRANTED**.

DATED this 27th day of August, 2014.

_____
MARTHA VÁZQUEZ
United States District Judge